BARBARA A. JONES (CA State Bar No. 88448)
AARP FOUNDATION LITIGATION
200 So. Los Robles, St 400
Pasadena, CA 91101
Telephone: (626) 585-2628
Facsimile: (626) 583-8538
E-Mail: bjones@aarp.org

Stacy Canan, *Pro Hac Vice Pending*
AARP Foundation Litigation
601 E. Street, N.W.
Washington, D.C. 20049
Telephone: (202) 434-2060
Facsimile: (202) 434-6424
E-Mail: scanan@aarp.org

Attorneys for [Proposed] Amicus Curiae AARP

# IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF CALIFORNIA
### (WESTERN DIVISION-LOS ANGELES)

| | |
|---|---|
| Independent Living Center of Southern California, *et al.*<br><br>Petitioners,<br><br>v.<br><br>SANDRA SHEWRY, Director of the Department of Health Care Services, State of California; *et al.*,<br><br>Respondents. | Case No. 08-cv-03315-CAS-MAN(X)<br><br>**NOTICE OF AARP'S *EX PARTE* APPLICATION TO FILE AMICUS CURIAE BRIEF; *EX PARTE* APPLICATION; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT; DECLARATION OF BARBARA A. JONES**<br><br>**Hon. Christina A. Snyder**<br>**Courtroom: 5** |

# NOTICE OF EX PARTE APPLICATION TO FILE AMICUS BRIEF

TO ALL PARTIES AND THEIR RESPECTIVE ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that pursuant to Local Rule 7-19, AARP, by and through counsel, will request permission to file an *amicus curiae* brief. AARP's *Ex Parte* Application will be decided in Courtroom 5 of the above-entitled court, located at 312 N. Spring St, Los Angeles, California 90012. This application is accompanied by the Memorandum in Support that follows (and supporting declaration), a proposed *Amicus Curiae* Brief of AARP, a Proposed Order, and a FRCP Rule 7.1 Certificate.

Counsel for AARP contacted counsel for the Petitioners and Respondents. Both parties have consented to AARP's filing of an *amicus curiae* brief. Deputy Attorney General Sara Ugaz who informed me that the Respondents would not oppose AARP's filing of the brief can be reached through the California Attorney General's main number (213) 897-2000. Lynn Carman, Counsel for Petitioners, can be reached at (415) 927-4023. Stanley Friedman, Counsel for Petitioners can be reached at (213) 629-1500.

**CORPORATE DISCLOSURE STATEMENT**

Federal Rule of Civil Procedure; 7-1 Corporate Disclosures

Pursuant to Fed. R. Civ. P. 7.1, the undersigned counsel for *Amicus Curiae* states that there is no parent corporation, or publicly held company that owns 10% or more of the stock, of *Amicus Curiae*. The Internal Revenue Service has determined that AARP is organized and operated exclusively for the promotion of social welfare pursuant to Section 501(c)(4) (1993) of the Internal Revenue Code and is exempt from income tax. AARP is also organized and operated as a non-profit corporation pursuant to the provisions of Title 29 of chapter 6 of the District of Columbia Code 1951. Other legal entities related to *amicus curiae* AARP include AARP Foundation, AARP Services, Inc., Legal Counsel for the Elderly, AARP Financial, AARP Global Network and Focalyst.

# MEMORANDUM IN SUPPORT

## I. INTRODUCTION

AARP, by and through counsel, move in this case for *amicus* status and for its accompanying *amicus* brief to be deemed filed. For the reasons set forth below, the proposed amicus curiae, AARP has a strong interest in the outcome of the action. In addition, by virtue of its direct involvement in the issues presented in the pending motion and before the court, as well as its experience in Medicaid, AARP believes that this brief will be useful to the court in deciding the matters before it. Finally, AARP is uniquely situated to assist the court in determining the irreparable harm to California's Medi-Cal recipients.

By participating as *amicus*, AARP would have a meaningful voice in this case of high public importance to its approximate 3.4 million California members as well as other Medi-Cal recipients. Its participation will enhance the Court's review of the case but will not unduly burden the Court or other parties. The Respondents, likewise would not be prejudiced by the filing of the brief. A virtually identical brief was served on the Respondents in the case of *California Medical Association v. Sandra Shewry*, LA Superior Court Case No. BC 390126 on June 30, 2008.

**INTERESTS OF AARP**

AARP is a nonpartisan, nonprofit membership organization with nearly 40 million members nationwide age 50 or older. Approximately, 3.4 million AARP

4

members live in California alone. Access to health care is a top priority for AARP. As the country's largest membership organization, AARP seeks through education, advocacy and service to enhance the quality of life for all by promoting independence, dignity, and purpose. In its efforts to promote independence, AARP works to foster the health and economic security of individuals as they age by advocating for access to affordable health care. AARP provides information and resources and advocates on legislation and legal issues for members and other citizens, including low-income Medicaid beneficiaries who will be seriously affected if the Medi-Cal provider rates are cuts. AARP's members who receive Medi-Cal will be directly affected by this court's decision.

Furthermore, AARP has participated either as a party or as an amicus in significant Medicaid decisions issued by California and Federal appellate cases, including *Conlan v. Shewry* (2005) 131 Cal. App. 4th 1354 *Oak Crest Village v. Murphy* (Md. Ct. App. 2004) 841 A.2d 816; *Markva v. Haveman* (6th Cir. 2003) 317 F.3d 547. *Westside Mothers v. Havemen*, 289 F.3d 852 (6th Cir. 2002), *cert. denied*, 537 U.S. 1045 (2002); *Sabree ex rel. Sabree v. Richmond*, 367 F.3d 180 (3rd Cir. 2004); *Watson v. Weeks*, 436 F.3d 1152 (9th Cir. 2006).

AARP attorneys have also represented Medicaid beneficiaries in cases such as *Ball v. Rodgers*, 492 F.3d 1094 (9th Cir. 2007) (seeking home and community based services and due process prior to termination or reductions in Medicaid services on behalf of home health care recipients); *Lankford v. Sherman,* 451 F.3d

496 (8th Cir. 2006) (challenging a state regulation curtailing the provision of durable medical equipment to Medicaid recipients); *Md. Dept. of Health and Mental Hygiene v. Brown*, 935 A.2d 1128 (Md. Ct. Spec. App. 2007) (challenging Maryland standards for determining for Medicaid waiver eligibility).

In addition, AARP has represented the interests of its members and Medicaid recipients before the California's legislature and U.S. Congress on both Medicaid and Medicare legislation.

## III. ARGUMENT

### A. The Court has Authority to Allow *Amicus* Participation

Although no Federal Rule of Civil Procedure governs participation by *amicus curiae*, District Courts have broad discretionary authority to grant *amicus* status. *See Hoptowit v. Ray*, 682 F.2d 1237, 1260 (9th Cir. 1982) (District Court *sua sponte* appointed *amicus*); *Funbus Systems, Inc., v. State of California Public Utilities Commission*, 801 F.2d 1120, 1125 (9th Cir. 1986). As is the case with AARP, an *amicus* need not be impartial to the outcome of the case. *Hoptowit*, 682 F.2d at 1260.

An *amicus* need not demonstrate any formal prerequisites. Instead, courts often welcome the participation of an *amicus* who will offer information that is both timely and useful, including information that will aid the court's understanding of the case and the potential ramifications of the resolution of the case. *Amicus* also can help the court by "assisting in a case of general public

interest, supplementing the efforts of counsel and drawing the court's attention to law that might otherwise escape consideration." *Funbus Systems*, 801 F.2d at 1125.

A case from the Third Circuit, authored by then-Judge, now-Justice Samuel Alito, extensively analyzed the *amicus* issue. *Neonatology Associates, P.A. v. Comm'r IRS*, 293 F.3d 128, 132 (3rd Cir. 2002) (single judge). The Court outlined some of the benefits *amicus curiae* can provide, including presenting background or factual information, offering special expertise, briefing points not emphasized by existing parties, and explaining the potential impact of a decision on a group. *Id.* at 132   Finally, the Court discussed safeguards that can be employed to ensure that an *amicus curiae* does not unduly burden the court and other parties. Justice Alito explained that the Court should grant *amicus* status, noting that if the *amicus* brief turns out to be unhelpful or duplicative, the court may simply disregard it. *Id.* Consistent with the Ninth Circuit precedent and Justice Alito's reasoning, this Court should exercise its discretion to allow AARP to participate as *amicus*.

**B.   AARP Will Assist in the Resolution of this Case and Will Not Unduly Burden the Court or Parties**

This is a case of significant public interest as it will directly affect access to health care by California's poor. AARP has significant health care and Medicaid expertise which can aid the Court in determining the full ramifications of its

decision to recipients of Medi-Cal who are not represented in this proceeding.

AARP's participation as *amicus* will not unduly prejudice any party to this action.

So as to minimize the burden on the Court and all the parties, AARP files this motion and attached brief on the date that the Plaintiff/Petitioner's brief is due.

AARP will abide by any restrictions the Court deems necessary.

### IV. CONCLUSION

In light of the significant impact this case will have on AARP's California members, AARP respectfully requests that this Court grant its *Ex Parte* Application to participate as *Amicus Curiae*.

Dated: July 24, 2008

Respectfully submitted,

Barbara A. Jones
AARP FOUNDATION LITIGATION
200 So. Los Robles, St 400
Pasadena, CA 91101
Telephone: (626) 585-2628
Facsimile: (626) 583-8538
E-Mail: bjones@aarp.org

Stacy Canan, *Pro Hac Vice Pending*
AARP Foundation Litigation
601 E. Street, N.W.
Washington, D.C. 20049
Telephone: (202) 434-2060
E-Mail: scanan@aarp.org

## DECLARATION OF BARBARA A. JONES

I, BARBARA A. JONES, declare as follows:

1. I am an attorney duly licensed to practice law in this Court. I am an attorney with the AARP Foundation and one of AARP's counsel of record herein. The facts stated herein are personally known to me, and if called as a witness I could and would competently testify to them.

2. I have contacted counsel for Petitioners and Respondents regarding this Ex Parte Application and counsel. Both Petitioners and Respondents counsel have informed me that they will not oppose AARP's Request to file an *amicus* brief.

3. Deputy Attorney General Sara Ugaz who informed me that the Respondents would not oppose AARP's filing of the brief can be reached through the California Attorney General's main number (213) 897-2000. Lynn Carman Counsel for Petitioners can be reached at (415) 927-4023. Alternatively, Stanley Friedman, Counsel for Petitioners can be reached at (213) 629-1500.

I declare this to be true under the penalty of perjury. Executed on July 23, 2008 in Pasadena, California.

_____
Barbara A. Jones