UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-3315 CAS (MANx) | Date | March 26, 2010 |
|---|---|---|---|
| Title | INDEPENDENT LIVING CENTER OF SOUTHERN CALIFORNIA ET AL V. SANDRA SHEWRY | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| CATHERINE JEANG | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:** **(In Chambers:) PROPOSED INTERVENORS' RENEWED MOTION TO INTERVENE PURSUANT TO FRCP 24** (filed 03/01/2010)

The Court finds this motion appropriate for decision without oral argument. Fed. R. Civ. P. 78; Local Rule 7-15. Accordingly, the hearing date of March 29, 2010, is hereby vacated, and the matter is hereby taken under submission.

## I. INTRODUCTION & BACKGROUND

The facts and procedural history of this action are known to the parties and summarized in this Court's August 18, 2008 order granting in part and denying in part petitioners' motion for preliminary injunction and this Court's November 17, 2008 order granting petitioners' motion for preliminary injunction. On September 15, 2008, the Court granted permission to intervene to Sacramento Family Medical Clinics, Inc.; Theodore M. Mazer, M.D.; Ronald B. Mead, D.D.S.; and Acacia Adult Day Services ("current intervenors"). On January 22, 2010, this Court issued an order amending this Court's August 18, 2008 order pursuant to the mandate from the Ninth Circuit Court of Appeals. See Indep. Living Ctr. of S. Cal. v. Maxwell-Jolly, ("ILC II"), 572 F.3d 644, 662-63 (9th Cir. 2009) (affirming in part and reversing in part this Court's August 18, 2008 order); Indep. Living Ctr. of S. Cal. v. Maxwell-Jolly, ("ILC III"), 590 F.3d 725, 730 (9th Cir. 2009) (denying respondent's motion to vacate ILC II and ordering the mandate to reissue ). Pursuant to the mandate, this Court vacated the August 27, 2008 order modifying the injunction and amended the August 18, 2008 order to change the effective date to July 1, 2008. Accordingly, this Court ordered "respondent Director, her agents, servants, employees, attorneys, successors, and all those working in concert with

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA O

CIVIL MINUTES - GENERAL

| Case No. | CV 08-3315 CAS (MANx) | Date | March 26, 2010 |
|---|---|---|---|
| Title | INDEPENDENT LIVING CENTER OF SOUTHERN CALIFORNIA ET AL V. SANDRA SHEWRY | | |

her to refrain from enforcing Cal. Welf. & Inst. Code § 14105.19(b)(1), including refraining from reducing by ten percent payments under the Medi-Cal fee-for-service program for physicians, dentists, optometrists, prescription drugs, adult day health care centers, and clinics for services provided on or after July 1, 2008."[1] See Jan. 22 and 29, 2010 orders.

On October 5, 2009, California Association of Medical Product Suppliers ("CAMPS"), California Hospital Association ("CHA"), Sharp Memorial Hospital, Grossmont Hospital Corporation, Sharp Chula Vista Medical Center, and Sharp Coronado Hospital and Healthcare Center (collectively, "proposed intervenors") filed the instant renewed motion to intervene.[2] On March 8, 2010, respondents filed an opposition. A reply was filed on March 15, 2010. After carefully considering the arguments set forth by both parties, the Court finds and concludes as follows.

## II. LEGAL STANDARD

Upon compliance with Fed. R. Civ. Proc. 24, a nonparty may be permitted to intervene in the action, which gives the intervenor full party status, including the right to engage in discovery, to participate at trial, and to appeal the judgment. See International Mining & Smelting Co., 325 U.S. 335, 338 (1945); United States v. California Mobile Home Park Mgt. Co., 107 F.3d 1374, 1378 (9th Cir. 1997).

### A. INTERVENTION OF RIGHT

Fed. R. Civ. Proc. 24(a) provides as follows:

> Intervention of Right. On timely motion, the court must permit anyone to intervene who: (1) is given an unconditional right to intervene by a federal statute; or (2) claims an interest relating to the property or transaction that is the subject of

---

[1] On January 29, 2010, the Court issued a minute order amending the January 22, 2010 order to clarify the six categories of services subject to injunction.

[2] On October 20, 2008, the Court denied without prejudice proposed intervenors' motion to intervene.

CV-90 (06/04) CIVIL MINUTES - GENERAL Page 2 of 7

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-3315 CAS (MANx) | Date | March 26, 2010 |
|---|---|---|---|
| Title | INDEPENDENT LIVING CENTER OF SOUTHERN CALIFORNIA ET AL V. SANDRA SHEWRY | | |

> the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

The Ninth Circuit has adopted a four-part test for applying Rule 24(a)(2):

> (1) the applicant must timely move to intervene; (2) the applicant must have a significantly protectable interest relating to the property or transaction that is the subject of the action; (3) the applicant must be situated such that the disposition of the action may impair or impede the party's ability to protect that interest; and (4) the applicant's interest must not be adequately represented by existing parties.

Arakaki v. Cayetano, 324 F.3d 1078, 1083 (9th Cir. 2003). Each of these elements must be demonstrated in order to provide a non-party with a right to intervene. League of United Latin Am. Citizens v. Wilson, 131 F.3d 1297, 1302 (9th Cir. 1997). The rule is construed broadly in favor of applicants for intervention. United States v. Oregon, 839 F.2d 635, 637 (9th Cir. 1988).

**B. PERMISSIVE INTERVENTION**

As to permissive intervention, Fed. R. Civ. P. 24(b)(1) provides as follows:

> On timely motion, the court may permit anyone to intervene who: (A) is given a conditional right to intervene by a federal statute; or (B) has a claim or defense that shares with the main action a common question of law or fact.

The Ninth Circuit has held that in considering the timeliness of the motion, the Court considers "the stage of the proceedings, the prejudice to existing parties, and the length of and reason for the delay." League of United Latin Am. Citizens, 131 F.3d at 1308.

## III. DISCUSSION

**A. INTERVENTION OF RIGHT**

Proposed intervenor CAMPS represents providers of durable medical equipment

CV-90 (06/04) CIVIL MINUTES - GENERAL Page 3 of 7

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-3315 CAS (MANx) | Date | March 26, 2010 |
|---|---|---|---|
| Title | INDEPENDENT LIVING CENTER OF SOUTHERN CALIFORNIA ET AL V. SANDRA SHEWRY | | |

("DME") who participate in the California Medicaid program, Medi-Cal. Mot. at 8. Proposed intervenor CHA represents hospitals that participate in Medi-Cal. Id. The remaining proposed intervenors, which include Sharp Memorial Hospital, Grossmont Hospital Corporation, Sharp Chula Vista Medical Center, and Sharp Coronado Hospital and Healthcare Center, are owners and operators of hospitals that participate in Medi-Cal. Id. Proposed intervenors contend that they are entitled to intervene as a matter of right because similar to the petitioners and current intervenors in the case, the members of proposed intervenors, as well as the proposed hospital intervenors, have been harmed by the ten percent Medi-Cal rate reduction enacted by Cal. Welf. & Inst. Code § 14105.19(b)(1) and § 14166.245, and Assembly Bill X3 5 ("AV5"). Id. at 8-10. Further, they contend that unlike the existing petitioners and current intervenors in the case, the proposed intervenors are not among the classes of Medi-Cal providers for which the rate reductions were enjoined by the Court — namely, hospitals or DME providers. Id. A final judgment declining to extend the injunction of the payment rate reductions to DME providers or hospitals, they argue, would clearly impair their interests. Id. at 11-12. Proposed intervenors also argue that their interests are not adequately represented by the existing parties because these classes of Medi-Cal providers have already obtained extensive relief in this case from the ten percent rate reductions. Id. at 12-13. In addition, as a result of the Ninth Circuit's decision in IIC II, proposed intervenors can potentially receive retroactive reimbursement of the amounts they were underpaid as a result of the AB 5 rate cuts. Id. at 13. Because respondent has indicated that he is likely to object to existing petitioners and current intevenors pursuing relief for classes of Medi-Cal providers that are not already represented in the case, proposed intervenors contend that their involvement is necessary to a full and fair resolution of the dispute. Id. at 13-14. Finally, they argue that the motion to intervene is timely.[3] Id. at 15-19. Although this Court denied their original motion to intervene out of concerns that their involvement in the case would require respondent to file an extra brief in the then-pending appeal, proposed intervenors contend that all appellate proceedings concerning the preliminary

[3] The Ninth Circuit considers three factors to determine whether a motion to intervene is timely: (1) the stage of the proceeding at the time the applicant seeks to intervene; (2) the prejudice to the existing parties resulting from the applicant's delay in seeking leave to intervene; and (3) the reason for the length of delay involved. County of Orange v. Air California, 799 F.2d 535, 537 (9th Cir. 1986).

CV-90 (06/04) CIVIL MINUTES - GENERAL Page 4 of 7

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-3315 CAS (MANx) | Date | March 26, 2010 |
|---|---|---|---|
| Title | INDEPENDENT LIVING CENTER OF SOUTHERN CALIFORNIA ET AL V. SANDRA SHEWRY | | |

injunction have now been completed and little has transpired since the case was remanded from the Ninth Circuit. Id. at 16. Thus, according to proposed intervenors, allowing them to join the litigation at this stage will not prejudice the existing parties because no evidence has been lost, no settlements have been made, and no issues in the case have been finally adjudicated. Id. at 17. To the contrary, proposed intevernors argue, that allowing them to join in the case will obviate the need for DME providers and hospitals to initiate new federal litigation concerning AB 5. Id. at 17-18.

Respondent, however, argues that proposed intervenors' interests will not be impaired if intervention is denied because five of the six proposed intervenors are members of the same professional and trade associations that are pursuing a virtually identical case in state court (the "CMA action").[4] Opp'n at 1, 9-10. He contends that proposed intervenors are improperly seeking another "bite at the apple" by asking for party status after the Los Angeles Superior Court denied the motion for preliminary injunction in the CMA action. Id. at 1. Respondent further contends that it would be prejudicial to allow them to join this case when they successfully obtained a remand of the CMA action in 2008. Id. Moreover, he argues that proposed intervenors are not entitled to intervene as a matter of right because their motion is untimely. Id. at 4-9. Respondent contends that permitting them to intervene at this advanced procedural stage of the case will not only unduly delay the matter, it will also severely prejudice respondent because he would be required to expend significant and limited time and resources to defend AB 5 against the same parties that are seeking identical relief in both the state and federal courts. Id. Further, he argues that proposed intervenors have provided no viable reason for their delay in seeking intervention. Id. Finally, respondent argues that proposed intervenors' interests are adequately represented by the existing parties, as evidenced by the fact that petitioners have submitted proposed intervenors' declarations in the course of prosecuting their own claims. Id. at 10-12.

Proposed intervenors reply that the proposed intervenors and trade associations involved in the CMA action are, with only one exception, different parties. Reply at 1-2.

---

[4] Proposed intervenor CHA is a petitioner in California Medical Assoc., et al. v. Sandra Shewry, et al., Case No. BC390126, in Los Angeles County Superior Court (the "CMA action").

CV-90 (06/04) CIVIL MINUTES - GENERAL Page 5 of 7

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-3315 CAS (MANx) | Date | March 26, 2010 |
|---|---|---|---|
| Title | INDEPENDENT LIVING CENTER OF SOUTHERN CALIFORNIA ET AL V. SANDRA SHEWRY | | |

Further, they point out that proposed intervenor CAMPS is not among the association petitioners in the CMA action, nor is any other association representing medical equipment providers. Id. at 2. Accordingly, they argue that they should not be precluded from seeking relief in this case. Id. at 7. More importantly, proposed intervenors contend that in the time since this Court remanded the CMA action, the Ninth Circuit ruled that provisions of the Medicaid Act may effectively be enforced in federal court through the Supremacy Clause of the United States Constitution. Id. at 8. Given this case law development, proposed intervenors argue that the procedural history of the CMA action cannot be viewed as an instance of forum shopping. Id. As to respondent's argument that allowing intervention would allow duplicative litigation in the state and federal courts, proposed intervenors argue that this is inaccurate because petitioners in the CMA action voluntarily dismissed their appeal of the trial court's adverse ruling. Id. at 9. Finally, they reiterate that their interests are clearly at risk if intervention is denied because the unique procedural posture of the case would enable proposed intervenors to obtain retroactive relief that they would not otherwise able to obtain. Id. at 10-11.

### B. PERMISSIVE INTERVENTION

In the alternative, proposed intervenors argue that the Court should grant permissive intervention. Respondents reiterate that the motion to intervene is not timely and that if the Court is inclined to permit proposed intervenors entry into this case, then the most this Court should consider doing is granting proposed intervenors amicus status. Opp'n at 13-15.

## IV. CONCLUSION

The Court finds that given the Ninth Circuit's recent decisions in ILC II and ILC III, proposed intervenors have timely renewed their motion to intervene. While the existing petitioners and current intervenors share the same ultimate objective with the proposed intervenors — to enjoin the reimbursement rate reductions codified by AB 5, the Court finds that the possibility proposed intervenors could obtain retroactive relief for classes of Medi-Cal providers not currently represented by the existing parties, and not otherwise recoverable in a separate action, demonstrates a significantly protectable interest that would as a practical matter be impaired by disposition of this case. Further, as indicated by the limited holding in the related matter of Santa Rosa Memorial Hosp. v.

CV-90 (06/04) CIVIL MINUTES - GENERAL Page 6 of 7

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-3315 CAS (MANx) | Date | March 26, 2010 |
|---|---|---|---|
| Title | INDEPENDENT LIVING CENTER OF SOUTHERN CALIFORNIA ET AL V. SANDRA SHEWRY | | |

Maxwell-Jolly, Case No. 08-5173 SC, 2009 WL 3925498 (N.D. Cal. Nov. 18, 2009) (enjoining respondent from continuing to apply the ten percent rate reduction only to the hospitals named in the suit), proposed intervenors' interests in obtaining a final judgment that encompasses relief for DME providers and hospitals may not be adequately represented by the petitioners and current intervenors. Accordingly, the Court concludes that proposed intervenors have shown that they are entitled to intervene as a matter of right under Fed. R. Civ. P. 24(a). Alternatively, the Court finds it appropriate to grant proposed intervenors permissive intervention.

For the foregoing reasons, the Court GRANTS proposed intervenors' motion to intervene.

IT IS SO ORDERED.

00 : 00

Initials of Preparer CMJ