UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-3315 CAS (MANx) | Date | May 8, 2012 |
|---|---|---|---|
| Title | INDEPENDENT LIVING CENTER OF SOUTHERN CALIFORNIA; ET AL v. TOBY DOUGLAS | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| CATHERINE JEANG | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:      Attorneys Present for Defendants:

Not Present                                          Not Present

**Proceedings:**     **(IN CHAMBERS): PETITIONER'S MOTION TO LIFT STAY AND RESTORE CASE TO ACTIVE STATUS** (filed April 12, 2012)

**PETITIONER'S MOTION FOR SUMMARY JUDGMENT** (filed April 12, 2012)

The Court finds these motions appropriate for decision without oral argument. Fed. R. Civ. P. 78; Local Rule 7-15.  Accordingly, the hearing date of May 14, 2012, is hereby vacated, and the motions are taken under submission.

**I.     INTRODUCTION AND BACKGROUND**

The facts and procedural history of this action are known to the parties and summarized in this Court's August 18, 2008 order granting in part and denying in part petitioners' motion for preliminary injunction, and this Court's November 17, 2008 order granting petitioners' motion for summary judgment.

On January 22, 2010, this Court issued an order amending the August 18, 2008 order pursuant to the mandate from the Ninth Circuit Court of Appeals. See Indep. Living Ctr. of S. Cal. v. Maxwell-Jolly, ("ILC II"), 572 F.3d 644, 662-63 (9th Cir. 2009) (affirming in part and reversing in part this Court's August 18, 2008 order); Indep. Living Ctr. of S. Cal. v. Maxwell-Jolly, ("ILC III"), 590 F.3d 725, 730 (9th Cir. 2009) (denying respondent's motion to vacate ILC II and ordering the mandate to reissue).

Accordingly, this Court ordered "respondent Director, her agents, servants, employees, attorneys, successors, and all those working in concert with her to refrain

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-3315 CAS (MANx) | Date | May 8, 2012 |
|---|---|---|---|
| Title | INDEPENDENT LIVING CENTER OF SOUTHERN CALIFORNIA; ET AL v. TOBY DOUGLAS | | |

from enforcing California Welfare & Institutions Code § 14105.19(b)(1), including refraining from reducing by ten percent payments under the Medi-Cal fee-for-service program for physicians, dentists, optometrists, prescription drugs, adult day health care centers, and clinics for services provided on or after July 1, 2008."[1] See Jan. 22 and 29, 2010 orders.

On June 17, 2010, the Court stayed this case pending resolution of the Director's petition for certiorari to the Supreme Court. On January 18, 2011, the Supreme Court partially granted review in this case and in two other Ninth Circuit cases (Cal Pharms. Ass'n v. Douglas, No. 09-8200 and Santa Rosa Mem. Hosp. v. Douglas, No. 10-283), limited to the question of whether Medicaid recipients and providers may maintain a private cause of action under the Supremacy Clause to enforce 42 U.S.C. § 1396(a)(30)(A) ("Section 30(A)") by asserting that the provision preempts a state law that reduces reimbursement rates. The consolidated cases encompassed seven separate Ninth Circuit decisions that either affirmed injunctions of, or ordered enjoined, California statutory enactments that would have reduced the State's Medicaid expenditures.

After the Supreme Court heard oral argument, the federal agency in charge of administering Medicaid, the Centers for Medicare & Medicaid Services ("CMS") approved the State Plan Amendments ("SPAs") that the Department had previously submitted. By virtue of this approval, CMS deemed the state statutes at issue before the Supreme Court to be consistent with federal law. Douglas v. Independent Living Ctr. of S. Cal., Inc., 132 S. Ct. 1204, 1207 (2012).

With regard to the rate reductions at issue in this case, CMS approved the Department's SPAs for those rate reductions that were never enjoined (e.g., reductions for hospital services and durable medical equipment). CMS also approved SPAs for those periods in which the State had actually implemented rated reductions, even if those rates were later enjoined by this Court or expired (e.g., NEMT services rendered between

---

[1] Toby Douglas is the current director of the California Department of Health Care Services ("DHCS" or the "Department"), the agency charged with administering California's Medicaid program, Medi-Cal. Director Douglas has been automatically substituted into this action.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-3315 CAS (MANx) | Date | May 8, 2012 |
|---|---|---|---|
| Title | INDEPENDENT LIVING CENTER OF SOUTHERN CALIFORNIA; ET AL v. TOBY DOUGLAS | | |

July 1, 2008 and November 16, 2008). The Department withdrew its request for SPA approval for rate reductions it had never implemented because of the August 1, 2008 preliminary injunction in this case. As a result DHCS does not seek to recoup any backpayments from providers.

On February 22, 2012, in light of CMS' actions, the Supreme Court vacated the seven Ninth Circuit decisions under review, and remanded the case back to the Ninth Circuit for consideration of the issues "in the first instance." Douglas, 132 S. Ct. At 1210–11. The Ninth Circuit has not yet considered the issues on remand pursuant to the Supreme Court's ruling.

Petitioners filed the instant motion to lift the stay and restore the case to the Court's active case load on April 12, 2012. Petitioners also filed a motion for summary judgment and for permanent injunction of the rate reduction for prescription drugs, which they noticed for the same date as the hearing on the motion to lift the stay. The Director filed his opposition on April 23, 2012. Petitioners filed their reply on April 30, 2012. After considering the parties' arguments, the Court finds and concludes as follows.

## II.    LEGAL STANDARD

A district court has discretionary power to stay proceedings in its own court. See Landis v. North American Co., 299 U.S. 248, 254 (1936). Accordingly, the court "may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case." Leyva v. Certified Grocers of Cal. Ltd., 593 F.2d 857, 863 (9th Cir. 1979). "[T]he same court that imposes a stay of litigation has the inherent power and discretion to lift the stay." Canady v. Erbe Elektromedizin GmbH, 271 F. Supp. 2d 64, 74 (D.D.C. 2002).

## III.   DISCUSSION

Petitioners argue that the Court stayed the case pending the Supreme Court's decision, and that the stay should be lifted because the Supreme Court has now acted. Mot. at 3.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-3315 CAS (MANx) | Date | May 8, 2012 |
|---|---|---|---|
| Title | INDEPENDENT LIVING CENTER OF SOUTHERN CALIFORNIA; ET AL v. TOBY DOUGLAS | | |

      The Court disagrees. Although the Court initially stayed this action pending a ruling by the Supreme Court, a further stay of this case is necessary to allow the Ninth Circuit to address the foundational legal issues upon which this litigation is based. On remand, the Ninth Circuit will consider whether the Supremacy Clause can be used to enforce Section 30(A) and whether a Supremacy Clause claim survives after SPA approval. The resolution of these questions will at least substantially affect, if not determine, the fate of petitioner's outstanding summary judgment motion. This is so because if the Supremacy Clause does not provide a right of action in this case, then the petitioners cannot prevail on their claims. Furthermore, the Court finds significant that a continuation of the stay will not cause any harm to petitioners. The Court previously issued a preliminary injunction that bars the State from implementing the payment reductions at issue in this case. Thus, there is no harm to the petitioners that could result from the stay remaining in effect while the Ninth Circuit considers whether the Supremacy Clause can be used to enforce Section 30(A) in this case.[2]

## IV.   CONCLUSION

      In accordance with the foregoing, the Court DENIES petitioners' motion to lift the stay. The Court declines to address petitioners' motion for summary judgment and permanent injunction.

      IT IS SO ORDERED.

|  |  | 00 | : | 00 |
|---|---|---|---|---|
|  | Initials of Preparer |  | CMJ |  |

---

[2] In addition, the stay should be relatively brief given that the questions are already pending before the Ninth Circuit.