1  XAVIER BECERRA
   Attorney General of California
2  SUSAN M. CARSON
   Supervising Deputy Attorney General
3  JOSHUA N. SONDHEIMER
   Deputy Attorney General
4  State Bar No. 152000
    455 Golden Gate Avenue, Suite 11000
5   San Francisco, CA  94102-7004
    Telephone:  (415) 510-4420
6   Fax:  (415) 703-5480
    E-mail:  joshua.sondheimer@doj.ca.gov
7  *Attorneys for Respondent*

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| **INDEPENDENT LIVING CENTER OF SOUTHERN CALIFORNIA, a nonprofit corporation; et al.,**<br><br>Petitioners,<br><br>**SACRAMENTO FAMILY MEDICAL CLINICS, INC.; et al.,**<br><br>Intervenors,<br><br>v.<br><br>**JENNIFER KENT, Director of the Department of Health Care Services of the State of California, et al.,**<br><br>Respondents. | CV 08-03315 CAS (MANx)<br><br>**DECLARATION OF GARY GREENFIELD IN SUPPORT OF RESPONDENT'S EX PARTE APPLICATION TO CONTINUE HEARING ON MOTIONS FOR ATTORNEYS' FEES**<br><br>Courtroom:   8D<br><br>The Honorable Christina A. Snyder |

1

I, Gary Greenfield, hereby declare:

1. I am the owner and founder of Litigation Cost Management (LCM), a legal bill analysis and litigation management consulting firm. LCM was founded in 1991 as one of the country's first legal bill analysis and litigation management consulting firms. As LCM's principal, I have worked with courts, clients, and law firms in both legal fee analysis and consulting regarding control of legal fees and expenses. In connection with motions for awards of attorneys' fees, LCM has provided written audits, analyses, opinion, and testimony regarding the reasonableness and appropriateness of fees requested both by parties seeking and opposing fee awards.

2. I submit this declaration in support of Respondent's application for additional time in which to file the opposition briefs to the motions for attorneys' fees to be filed by Petitioners and Intervenors in this case, and associated continuance of the hearing on the motions. The statements made in this declaration are of my own knowledge, and if called upon, I could and would testify about them truthfully.

3. LCM has been requested by Respondent's counsel, attorneys in the Office of the Attorney General of California, to review and analyze the timekeeping records of Petitioners' counsel Stanley Friedman and his associates, and of Intervenors' counsel, the law firm of Hooper, Lundy and Bookman, and to provide declarations for submission to this court regarding the reasonableness and appropriateness of the fees requested.

4. I understand that the litigation of this matter has been pending for over 11 years. I have been provided with timekeeping records submitted by Petitioners and Intervenors with their previous motions seeking attorneys' fees filed in April 2015. However, I understand that, by November 1, 2019, Petitioners and Intervenors will be submitting over four years' worth of additional timekeeping records for work

performed since April 2015, along with other potentially relevant material in support of their motions for attorneys' fees.

5. I am aware that in their prior motions, both Petitioners and Intervenors submitted the declarations of consultants or purported fees experts with their motions, and therefore are likely to submit similar declarations in support of their new motions.

6. My general practice in reviewing attorney timekeeping records is to create a database of all of the records submitted to allow for a computer-aided and systematic review of the attorneys' time entries. Based on the records I have already seen, in light of the numbers of entries and the number of attorneys and firms involved, creating a database in this matter of Petitioners' and Intervenors' timekeeping records for so many years will be crucial to my ability to conduct the most accurate and systematic review and analyses of all of the records that will be submitted by Petitioners and Intervenors.

7. Although I have been provided Petitioners' and Intervenors' prior timekeeping records, in light of the expected additional records, finalization of the database, once I have all of the records, will take approximately three weeks from receipt of the additional records.

8. Once the creation of the database has been completed, I estimate that it will take between 50 and 60 hours to examine and analyze Petitioners' and Intervenors' time entries. It could take longer, but it is difficult to give a more precise estimate at this time given that I have not yet received all of the records that will be submitted. Accordingly, I have informed Respondent's counsel that I believe it will take at least five to six weeks from when we receive the additional records for us to complete the database and for me to complete my work.

9. Due to my current workload in other matters, it will not be possible for me to have the database created, review and analyze of the records anticipated to be submitted, and complete my report by November 15, 2019. Among other work, I

have a major filing in another matter that is due on November 15 (the database creation in that project has taken four weeks so far); I am testifying in an arbitration in New York from November 11 through November 14; and I am scheduled to testify in a trial in New York in December and a trial in Los Angeles in January, both of which will require substantial time in trial preparation.

10. Therefore, I support Respondent's request for a continuance of the hearing on Petitioners' and Intervenors' fee motions to allow an additional four weeks in which to file the oppositions to the two fees motions that must be filed by November 1, 2019.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed this 28th day of October, 2019, at Oakland, California.

_____
Gary Greenfield

LA2008600735
21686496.docx